UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERARD MORELAND,

    Plaintiff,

v.                                    Case No. 8:20-cv-558-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
                                           /

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for Supplemental Security Income ("SSI"). As the decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

### **A. Procedural Background**

Plaintiff filed an application for SSI (Tr. 614-22). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 507-37, 540-44, 547-55). Plaintiff then requested an administrative hearing (Tr. 556). Per Plaintiff's request, the Administrative Law Judge ("ALJ") held a hearing at which Plaintiff appeared and testified (Tr. 482-506). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 464-81). Subsequently, Plaintiff requested review from the Appeals Council, which the

Appeals Council denied (Tr. 1-7, 609-13). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1970, claimed disability beginning January 1, 2001 (Tr. 614). Plaintiff obtained an eleventh-grade education (Tr. 638). Plaintiff did not have any past relevant work (Tr. 502). Plaintiff alleged disability due to repeated heart attacks, four herniated discs in his back, and a bad left knee (Tr. 637).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since June 22, 2017, the application date (Tr. 469). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: myocardial infarction status post five stent placements, lumbago with no neurological deficits, history of tibial plateau open reduction internal fixation, major depressive disorder, and generalized anxiety disorder (Tr. 469). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 469). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except that Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk six hours in a workday; sit six hours in a workday with normal breaks; frequently climb ladders, ropes, scaffolds, ramps, and

stairs; frequently balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to hazards; could understand, remember, carry out, and perform simple, routine tasks and instructions with occasional interaction with the general public and supervisors (Tr. 471). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that Plaintiff's statements as to the extreme functional limiting effects of his symptoms were not entirely consistent with the objective evidence of record or his admitted activities of daily living (Tr. 485).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff had no past relevant work (Tr. 485). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a fast food worker, housekeeper, and small parts assembler (Tr. 476, 502-03). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 476).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or

psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. § 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (citation omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff argues that the Appeals Council erred by failing to find that the evidence submitted to it after the ALJ's decision was material, new, and that a reasonable probability existed that the evidence would have altered the ALJ's decision. If a claimant is dissatisfied with a hearing decision, the claimant may

request that the Appeals Council review the action. 20 C.F.R. § 416.1467. When a claimant appeals an ALJ's decision to the Appeals Council, "[t]he Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261 (internal quotation and citation omitted); *see* 20 C.F.R. § 416.1470(b).[1] Thereafter, review by a federal district court requires consideration of evidence not initially submitted to the administrative law judge but considered by the Appeals Council in order to determine whether that new evidence renders the denial of benefits erroneous. *See Ingram*, 496 F.3d at 1258, 1262. A remand under sentence four is warranted when a claimant submits new evidence to the Appeals Council, which the Appeals Council does not adequately consider in denying the claimant's request for review. *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 902 (11th Cir. 2013) (citing *Ingram*, 496 F.3d at 1268); *see also Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (stating that, "when the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate."). Accordingly, "[t]o obtain a sentence four remand, the claimant must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the

---

[1] The cited references to the regulations pertain to those in effect at the time the decision was rendered.

record as a whole." *Timmons*, 522 F. App'x at 902 (citing *Ingram*, 496 F.3d at 1266-67).

Where the evidence submitted by the claimant is "new, material, and chronologically relevant," the Appeals Council must consider it. *Ingram*, 496 F.3d at 1261 (internal quotation omitted); *see* 20 C.F.R. § 416.1470(b). "Evidence is considered 'material' when it is 'relevant and probative so that there is a reasonable possibility that it would change the administrative result.'" *Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553 (11th Cir. 2016) (quoting *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987)). Further, evidence is considered chronologically relevant when it relates to the period on or before the date of the ALJ's decision. *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 864 (11th Cir. 2017) (citing *Washington*, 806 F.3d at 1322)). Notably, as the Eleventh Circuit recognizes, medical opinions based on treatment or evaluations occurring after the date of the ALJ's decision may be considered chronologically relevant where the opinions relate back to the date of the ALJ's decision. *Washington*, 806 F.3d at 1322 (citations omitted).

Here, the Appeals Council considered Plaintiff's evidence of a heart attack after the ALJ's decision and stated that it "[did] not relate to the period at issue," and thus was not chronologically relevant (Tr. 2). On appeal, Plaintiff argues that the evidence is chronologically relevant because Plaintiff complained of shortness of breath at the oral hearing before the ALJ (Tr. 490), and that "it is not mere speculation that his coronary artery disease was severe enough at the time of the

ALJ's decision, to reasonably cause shortness of breath when walking," (Doc 21 at 8).

The evidence in question detailed Plaintiff's hospital admission and treatment beginning approximately three weeks after the ALJ's decision (Tr. 2). The medical records show that Plaintiff suffered a heart attack and complained of shortness of breath at the time of admission to the hospital (Tr. 23, 258). The discharging physician noted an inhaler prescription for shortness of breath and a discussion of an evaluation for COPD (Tr. 23-24). However, there is no indication in the hospital records that the treating physicians reviewed Plaintiff's treatment records from the period prior to the ALJ's decision. Likewise, the hospital records do not contain a medical opinion regarding the cause of Plaintiff's shortness of breath at the time of the ALJ's decision.

The Eleventh Circuit has stated that its holding in *Washington* was limited to "the specific circumstances of [the] case." *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing *Washington*, 806 F.3d at 1322-23). Medical opinions may be considered chronologically relevant when: (1) the claimant described his symptoms during the relevant period to the treating physician; (2) the treating physician reviewed the claimant's treatment records from that period; and (3) there was no evidence of a decline in the claimant's condition in the time since the ALJ's decision. *See Hargress*, 883 F.3d at 1309; *Franqui v. Comm'r of Soc. Sec.*, No. 18-11975, 2019 WL 2173780, at *2 (11th Cir. Jan. 10, 2019).

Without a medical opinion linking Plaintiff's hospitalization after the ALJ's decision to the symptoms described at the oral hearing, Plaintiff's argument is speculative and does not support a finding that the evidence in question was chronologically relevant. *See Moody v. Berryhill*, No. 8:16-CV-3113-T-CPT, 2018 WL 8582445 at *6 (M.D. Fla. Sept. 7, 2018) (finding that evidence of a subsequent heart attack was speculative regarding the duration of Plaintiff's heart disease and was not sufficient to demonstrate an error on the part of the Appeals Council).

For the foregoing reasons, the Appeals Council properly denied review and the Commissioner's decision is supported by substantial evidence.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 2nd day of July, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record